# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

SAMUEL JOSEPH GIZZIE,

        Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

        Defendant.

2:18-cv-00952-JAD-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 1] AND COMPLAINT [ECF NO. 1-1]

    Before the Court are *pro se* Plaintiff Samuel Gizzie's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, the Court grants the application and dismisses the complaint without prejudice to provide Gizzie the chance to file an amended complaint correcting the deficiencies outlined below.

## DISCUSSION

    Gizzie's filings present two questions: (1) whether Gizzie can proceed *in forma pauperis* and (2) whether Gizzie's claim states a plausible claim for relief.

### A. Gizzie May Proceed *In Forma Pauperis*

    Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs by a person who submits an affidavit showing the person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). It is "essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). "Determination of what constitutes 'unable to pay' or unable to 'give security therefor' and,

therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs." *Lasko v. Hampton & Hampton Collections, LLC*, No. 2:15-CV-01110-APG-VCF, 2015 WL 5009787, at *1 (D. Nev. Aug. 21, 2015).

In Gizzie's application, he stated his monthly income is $1148-$1248 from Social Security and wages. (ECF No. 1 at 1). He has no assets in a bank account and does not own an automobile, real estate, stocks, bonds, security, trust, jewelry, art work, or other financial instruments of value. (ECF No. 1 at 2). His monthly expenses total approximately $970. (ECF No. 1 at 2). Given his income and expenses, the Court finds that Gizzie is unable to pay the $400 filing fee and grants the *in forma pauperis* application.

**B. Gizzie's Complaint Fails to State a Claim for Which Relief May Be Granted**

Because the Court grants Gizzie's application to proceed *in forma pauperis*, it must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Gizzie alleges that four officers of the Las Vegas Metropolitan Police Department ("LVMPD") violated 42 U.S.C. § 1983 and 18 U.S.C. §§ 241-242. (ECF No. 1-1 at 3). On April 15, 2018, Gizzie was working in front of the Flamingo Hotel and Casino when four officers approached Gizzie and his colleague. (*Id.* at 4). The officers "had some issue with [the colleague] and threatened to arrest him if he did not go home." (*Id.*). Two of the officers "accosted" Gizzie and Office Mazon threatened to arrest him if he did not leave. (*Id.*). During the encounter, one of the officers "battered [Gizzie's] shoulder which

was sore for about four days." (*Id.* at 5). Gizzie seeks relief that includes having the officers fired and is "not sure of the pecuniary damages [he] is seeking as of this time." (*Id.*).

Under 42 U.S.C. § 1983, the plaintiff can sue a person, who, acting under the color of law, subjected or caused the plaintiff "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." The officers acted under the color of law because they interacted with Gizzie in their official capacity, so they can be sued under 42 U.S.C. § 1983. *See Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998) ("A police officer's actions are under the pretense of law only if they are in some way related to the performance of his official duties.") (internal quotations omitted). Gizzie can sue LVMPD only if the police department played a role in the deprivation of his rights—for example, through inadequate training or an official policy. *See Herrera v. Las Vegas Metro. Police Dep't*, 298 F.Supp.2d 1043 (D. Nev. 2004) ("A municipal entity can be sued directly under § 1983 where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" When sued in their official capacity, government officials are liable when the local government would be liable in its own name.) (quoting *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978)). When suing government officials, plaintiffs must consider qualified immunity. *See Shafer v. City of Boulder*, 896 F.Supp.2d 915, 931 (D. Nev. 2012) ("The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.") (internal quotation omitted).

Gizzie does not allege enough facts for the Court to assess if he is entitled to relief. Gizzie's complaint does not provide enough information about how the officers deprived him of his Fourth Amendment right to be free from unreasonable searches and seizures. Gizzie needs to add more information about his interaction with the officers, including any searches conducted and how the officer

injured his shoulder. Gizzie also briefly alleges in his claim for relief that the officers use Clark County Ordinance Code 16.11 in a discriminatory manner to harass those who work for strip clubs while ignoring those that work for casinos. (ECF No. 1-1 at 7). The officers could have violated Gizzie's Fourteenth Amendment due process rights if the officers used the statute to arbitrarily arrest citizens, but the complaint does not contain enough detail for the Court to analyze this claim.

Gizzie does not appear to seek relief that the Court can grant. In his complaint, Gizzie stated that he wanted to see the officers fired and does not state the monetary damages sought. (ECF No. 1-1 at 5). Under 42 U.S.C. § 1983, the Court can order monetary damages and grant injunctive relief. The Court can award only compensatory, and not punitive, monetary damages against LVMPD. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("We hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983."). Before granting an injunction, the Court considers the possibility for irreparable harm, balance of interests, likelihood of success on the merits, and public interests. *See Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 540 (1987). Gizzie must clarify what monetary damages and injunctive relief he seeks.

## CONCLUSION

Gizzie cannot afford to pay the filing fee and may proceed *in forma pauperis*. However, the Court dismisses Gizzie's claim without prejudice because Gizzie did not demonstrate how LVMPD is implicated in this case and did not provide enough information about his encounter with the officers. Because the Court dismisses Gizzie's complaint without prejudice, Gizzie can file an amended complaint that sues the individuals and demonstrates how LVMPD is involved in the case, provides more information about his interaction with the officers and the rights they allegedly violated during the interaction, and clarifies the damages or injunctive relief he seeks.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until July 20, 2018, to file an Amended Complaint. Failure to timely file an Amended Complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an Amended Complaint is filed, the Clerk of the Court is directed **NOT** to issue summons on the Amended Complaint. The Court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

1  DATED this 15th day of June, 2018.

   _____
   CAM FERENBACH
   UNITED STATES MAGISTRATE JUDGE