# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

SAMUEL P. GIZZIE,

                 Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT, *et al.*,

                 Defendant.

2:18-cv-00952-JAD-VCF

**ORDER**

SCREENING AMENDED COMPLAINT (ECF No. 5)

Before the Court is *pro se* Plaintiff Samuel Gizzie's Amended Complaint. (ECF No. 5). For the reasons stated below, the Clerk is hereby ordered to file Gizzie's Amended Complaint (ECF No. 5) so that the case may proceed in the normal course.

## DISCUSSION

On May 25, 2018, Gizzie filed an *in forma pauperis* application and his initial complaint. (ECF No. 1). The complaint alleged that four officers from the Las Vegas Metropolitan Police Department ("LVMPD") allegedly harassed Gizzie and a colleague on April 15, 2018, injuring Gizzie's shoulder in the process. (ECF No. 3 at 2). The Court granted Gizzie's application to proceed *in forma pauperis* and dismissed the complaint without prejudice because Gizzie failed to state a complaint for which relief may be granted. (*Id.*). The Court gave Gizzie leave to amend, and stated that he needed to include more facts about the encounter and provide more information about the relief he seeks. (*Id.* at 3-4).

On June 26, 2018, Gizzie filed an amended complaint with the Court, seeking a remedy for a violation of his constitutional rights under 42 U.S.C. § 1983. (ECF No. 5). Gizzie adds Officer Mazon,

1

the officer who allegedly injured his shoulder as a defendant, and sues him in his individual capacity. (ECF No. 5 at 2).  Gizzie also included an affidavit providing more detail about the incident.  (ECF No. 5-1).  Gizzie alleges that the LVMPD failed "to properly train subordinate officers" and this negligence resulted in a violation of his First and Fourth Amendment rights.  (ECF No. 5 at 3).  Gizzie alleges that Officer Mazon deprived him of his constitutional rights by forcing him to leave the sidewalk in front of the Flamingo Hotel and Casino for no reason, under the threat of arrest.  (ECF No. 5 at 4).  Gizzie asks the Court to issue an injunction requiring the LVMPD to train officers to de-escalate situations and prevent the police officers from retaliating against him because of this case.  (*Id.* at 5).  He seeks one million dollars in damages for psychological and emotional injuries.  (*Id.* at 5).  He also asks the Court to impeach and sanction the involved police officers, claims the officers' bonds in accordance with NRS 282.060,[1] and charge the officers for crimes that occurred during the incident.  (*Id.* at 5).

Because the Court granted Plaintiffs' applications to proceed *in forma pauperis*, it must review Plaintiffs' complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line

---

[1] Gizzie may be referring to NRS 282.010.

from conceivable to plausible."   556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

At this initial stage, the Court concludes that Gizzie's complaint satisfies the Rule 8 requirements. He alleges enough facts to support a claim that the police possibly violated his Constitutional rights. Gizzie has a constitutionally protected right to be in a public space, and Gizzie alleges the LVMPD violated that right, injuring him in the process, without just cause.   Gizzie also alleges that the LVMPD searched him without justification.   The similar actions of multiple officers involved in the incident could indicate that LVMPD has trained, or failed to train, their officers in a similar manner. Gizzie seeks some remedies that the Court can grant.   The Court could potentially issue an injunction to prevent irreparable harm and award damages.   However, the Court cannot impeach the police officers, charge them with a crime, or assign their bonds under NRS 282.060.   Under NRS 282.165, only city employees who "regularly handle public money" are required to secure a bond.   Police officers do not meet this requirement and are not subject to the bond requirement.

ACCORDINGLY,

IT IS ORDERED that the Clerk of the Court file the Complaint (ECF No. 5) and mail a copy of the complaint to Gizzie.   The Clerk of Court is directed to mail a copy of the *pro se* packet to Gizzie. Information regarding Summons can be found on page four of the *pro se* packet.

### Notice

Pursuant to Local Rules IB 3-1, a party may object to reports and recommendations issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1).   The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140,

142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action. (*See* LSR 2-2).

DATED this 20th day of July, 2018.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4