| | |
|---|---|
| 1  **UNITED STATES DISTRICT COURT** | |
| 2  **DISTRICT OF NEVADA** | |
| 3  Samuel Joseph Gizzie, | Case No.: 2:18-cv-00952-JAD-VCF |
| 4  Plaintiff | **Order Striking Plaintiff's Second Amended Complaint, Granting Defendants' Motion for Summary Judgment, and Closing Case** |
| 5  v. | |
| 6  Las Vegas Metropolitan Police Department, et al., | [ECF Nos. 31, 41] |
| 7  Defendants | |

In this civil-rights case, plaintiff Samuel Joseph Gizzie sues the Las Vegas Metropolitan Police Department (LVMPD), Officer Francisco Mazon, and John Does, claiming that he was legally promoting strip clubs when LVMPD officers used excessive force to get him to leave the sidewalk in front of the Flamingo Hotel and Casino.[1] Defendants move to dismiss Gizzie's late-filed second amended complaint in which he attempts to join Antonio Luis Freire as co-plaintiff and alleges that the Flamingo conspired with LVMPD to harass promoters like him.[2] Defendants also move for summary judgment on the civil-rights claims in Gizzie's first amended complaint.[3] I treat defendants' motion to dismiss as a one to strike, and because Gizzie did not obtain leave to file his second amended complaint, I strike it from the record as a rogue pleading. I also grant the defendants' summary-judgment motion because Gizzie has not submitted any evidence to discharge his burden of showing that triable issues of fact exist in this case. So I enter judgment in the defendants' favor and close this case.

---

[1] ECF No. 5 (first amended complaint).
[2] ECF No. 31 (motion to dismiss).
[3] ECF No. 41 (motion for summary judgment).

**Background**

On April 16, 2018, Gizzie and Freire were on the Las Vegas Strip in front the Flamingo Hotel and Casino promoting strip clubs, night clubs, massage parlors, and outcall promotions.[4] After LVMPD officers approached the two men and separated them, Officer Mazon informed Freire that he had "solicited the service of girls to undercover officers earlier."[5] Mazon told Freire that he could leave the area but that Mazon would arrest Freire if he saw him soliciting again that night.[6] Freire agreed to leave, but stated that he had to wait for Gizzie, who was his ride.[7] Gizzie sues Mazon and LVMPD, alleging that he has a business license to promote on the Strip and that the four officers unjustifiably harassed and physically moved him off of the property.[8]

In June 2018, after this court screened and dismissed Gizzie's original complaint with leave to amend, he filed an amended complaint asserting causes of action against LVMPD, Officer Mazon, and John Does for violations of his constitutional rights under 42 U.S.C. §1983, municipal liability under *Monell v. Department of Social Services*,[9] and various state laws.[10] He seeks one million dollars in damages for psychological and emotional injuries, despite acknowledging that he suffered no physical injuries—not even a bruise—from Officer Mazon allegedly touching his shoulder.[11]

---

[4] ECF No. 41-3 (Gizzie's answers to defendants' requests for admission).
[5] ECF No. 41-1 (internal investigation report).
[6] *Id.*; ECF No. 41-2.
[7] ECF No. 41-2 (Mazon's body-camera footage).
[8] ECF No. 5 at 4–5.
[9] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).
[10] ECF Nos. 1 (original complaint), 3 (screening order), 5, 6 (second screening order).
[11] ECF No. 5 at 5.

In November 2018, the magistrate judge entered a scheduling order that set December 4 as the deadline for amending the pleadings or adding parties.[12] The following March, the magistrate judge granted the parties' stipulation to extend various deadlines, none of which affected the since-passed deadline for amending the pleadings or adding parties.[13] Nonetheless, Gizzie filed a second amended complaint on May 17 in which he seeks to join Freire as a co-plaintiff and asserts additional claims against the Flamingo for conspiring with LVMPD to falsely arrest and intimidate him and Freire.[14]

Discovery continued. The magistrate judge granted the parties' second stipulation to extend time and set the discovery cut-off deadline for July 1, 2019.[15] Gizzie didn't respond to the defendants' interrogatories, and he failed to appear for his scheduled deposition on July 1.[16] Gizzie emailed the defendants' counsel five hours before the deposition stating that he would not be appearing at the deposition.[17] The defendants waited for 30 minutes that morning before they started the deposition and had the court reporter they hired note Gizzie's failure to appear for the record.

## Discussion

**I.  Gizzie's second amended complaint is a rogue filing, so I strike it from the record.**

The defendants move to dismiss Gizzie's second amended complaint based on a number of procedural deficiencies—they argue that he filed it out without leave of the court; after the

---

[12] ECF No. 20 (scheduling order).
[13] ECF No. 24 (order granting stipulation to extend time).
[14] ECF Nos. 26 (joinder), 27 (second amended complaint).
[15] ECF No. 30.
[16] ECF No. 41-4 (notice of deposition).
[17] ECF No. 41-9 (declaration of Ryan W. Daniels).

3

deadlines for amending pleadings, adding parties, and discovery; and without good cause for the delay, among other reasons.[18] Gizzie does not meaningfully oppose the motion, he "stipulates that those cases [that] the [d]efendant[s] . . . cited as reasons why the delay is odious[,] and should the case be dismissed[,] are reasonable under the circumstances."[19] Instead, he argues that the defendants failed to produce the body-camera footage for ten officers that he requested a year ago and, depending on what that footage contains, there are still claims that he wants to add in a "Revised Complaint."[20]

Federal Rule of Civil Procedure 15 provides that a party may amend his pleading once as a matter of course within 21 days of service of a responsive pleading. Later amendments require leave from the court or the opposing party's consent.[21] Rule 12(f) permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The district court also has inherent authority to strike improper filings "to promulgate and enforce rules for the management of litigation . . . ."[22]

Gizzie did not comply with Rule 15's requirements for amended pleadings, and he makes no argument in his response to explain his noncompliance. In fact, he appears to agree that dismissal is "reasonable under the circumstances." Because Gizzie filed his second amended complaint without leave, it is a rogue document, I construe the defendants' motion to dismiss

---

[18] ECF No. 31.

[19] ECF No. 34 (response to motion to dismiss).

[20] *Id.*

[21] Fed. R. Civ. P 15(a)(2).

[22] *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted).

4

more properly as one to strike, and I strike the second amended complaint. Gizzie's first amended complaint[23] continues to be the operative complaint in this case.

**II.    The defendants are entitled to summary judgment on Gizzie's federal claims because he has shown no genuine issue of material fact.**

Defendants supply two reasons why I should close this case. They ask me to sanction Gizzie under Rule 37 by dismissing his complaint or prohibiting him from his supporting his claims because Gizzie no-showed for his deposition and failed to answer defendants' interrogatories.[24] Alternatively, they ask me to enter summary judgment in their favor because: (1) there is no evidence that Officer Mazon touched Gizzie or commanded him to leave the Flamingo, (2) Officer Mazon would be entitled to qualified immunity if he had, (3) there is no evidence that LVMPD had an unconstitutional policy or practice of deliberate indifference, and (4) any claims by Freire fail because he is not a party to this case.[25] I address only the first and third summary-judgment arguments because, as I explain below, Gizzie hasn't shown that Officer Mazon used excessive force and because Gizzie's rogue attempt to join Freire as co-plaintiff in this case failed.

In his two-page opposition, Gizzie responds that the defendants' motion "is void as [h]earsay" because defendants didn't attach an affidavit from any of the ten involved officers in support of the motion.[26] Not so. Rule 56(c)(2) and (4) allow courts to consider affidavits or other evidence that "would be admissible in evidence." And, here, the defendants submitted affidavits from Officer Mazon, which explains that the body-camera footage doesn't show him

---

[23] ECF No. 5.
[24] ECF No. 41 at 17.
[25] *Id*. at 18–28.
[26] ECF No. 44.

touching Gizzie, and a declaration from Ryan W. Daniels, defendants' counsel, detailing Gizzie's failure to participate in discovery.[27]

"[T]he burden on the moving party may be discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."[28] The defendants have met that burden here: they submitted the internal-affairs-investigation report and surveillance footage for the incident, among other evidence, in support of their motion. On the other hand, Gizzie has not supplied any evidence to show that there is evidence to support any of his claims. Gizzie alleged that Officer Mazon used excessive force to remove him from property and threatened him with jail time if he didn't leave, but the surveillance video shows that Officer Mazon made that comment to Freire, out of Gizzie's presence, and that Officer Mazon didn't touch Freire.[29] The declaration Gizzie attached to his first amended complaint in which he avers that Officer Mazon touched and threatened him is not supported by evidence in the record.[30] This uncorroborated and self-serving declaration fails to nudge his claims over the triable-issue-of-fact threshold as a matter of Ninth Circuit law.[31]

There is also no evidence to support Gizzie's policy-and-custom claim against LVMPD under *Monell*.[32] For *Monell* liability to attach, the challenged action must be the standard operating procedure of the municipality, not merely a single occurrence by a non-policymaking

---

[27] ECF Nos. 41-9, 41-10.

[28] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (quotation omitted).

[29] ECF No. 41-2.

[30] *See* ECF No. 5-1.

[31] *See Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1180 (9th Cir. 2006) ("Plaintiffs' exhibits were largely irrelevant or insufficient, leaving as the only other 'evidence' their uncorroborated and self-serving declarations, which alone do not create any genuine issues of material fact.").

[32] *Monell*, 436 U.S. at 690–91.

1 employee.[33] Gizzie's complaint relies on a single interaction with LVMPD, and though his
2 experience may have "[led him] to believe" that LVMPD has a pattern or practice of threatening
3 similar promoters, he has not submitted any evidence to support that theory.

**III.    The court declines supplemental jurisdiction over Gizzie's state-law claims.**

Having granted defendants summary judgment on Gizzie's federal claims, there is no federal-jurisdictional anchor to support Gizzie's state-law claims.[34]  Because Gizzie has not defended or supported his state-law claims in response to this summary-judgment motion, I decline to exercise supplemental jurisdiction over them.  So I dismiss the state-law claims without prejudice to Gizzie's ability to refile them in state court.[35]

**Conclusion**

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss plaintiff's second amended complaint **[ECF No. 31]**, which the court construes as a motion to strike, **is GRANTED.**  Plaintiff's second amended complaint **[ECF No. 27]** is struck from the docket.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment **[ECF No. 41] is GRANTED**.  Summary judgment is entered in favor of the defendants on the federal-law claims, and the court declines to retain supplemental jurisdiction over the state-law claims, which are hereby dismissed without prejudice to Gizzie's ability to refile the state-law claims in

---

[33] *See Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016); *City of Okla. v. Tuttle*, 471 U.S. 808, 823–24 (1985).

[34] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725–26 (1966) (providing that federal courts exercise their discretion to deny pendent jurisdiction over state law claims, especially where it dismisses the federal claims before trial).

[35] *Id*.

state court.[36]  The Clerk of Court is directed to **ENTER FINAL JUDGMENT** in favor of the defendants accordingly and **CLOSE THIS CASE**.

Dated: February 7, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[36] Gizzie is cautioned that deadlines may be running on those claims.  *See, e.g.*, 28 U.S.C. § 1367(d).